We have five cases on the calendar this morning. Government employee case, three patent cases, two from the PTAB and one from the district court and a veterans case. The PTAB cases and the veterans cases that are being submitted on the briefs will not be argued. And so we have two cases for argument. Excuse me, a little congestion. The first case is John Clark versus the Merit Citizens Protection Board with the DOD as intervener, 2019-11-08. Mr. Vogelsang. May it please the court, Michael Vogelsang for the appellant John Clark. A couple of threshold items I wanted to mention before getting into the primary issue as this is an appeal on a jurisdictional decision from the Merit Citizens Protection Board. So there are no factual assertions to be given substantial evidence and that this is in a de novo review of the law of the administrative judge's decision. I'd also like to clarify that in this appeal what Mr. Clark is seeking is the right to discovery and a hearing on the merits and the Merit Citizens Protection Board given that there wasn't a discovery or factual determinations done at the lower proceeding. I would like to narrow the primary issue for this case to whether or not a pre-security office decision is reviewable by the board. The AJ's, the administrative judge's initial decision incorrectly ruled that Clark did not assert that he suffered from a personnel action stating generally that EGAN and its cases state that security clearance determinations cannot be reviewed by the court. The AJ did not address the fact that Mr. Clark was not challenging a decision from the security office or DODCAF, the DOD centralized adjudication facility for clearances, but the events that transpired before that. If you will think of the national security as behind an iron gate. Which event are you talking about? The affirmative reliance by interaction between John Clark and Jason Smith as well as Mr. Conforto I believe is in the July time period. There is a question, there's a factual question as to how the prior disciplines were relayed to the security office, excuse me. There was some... Back to the event that you're talking Clark had an interaction in Jason Smith's office. Jason Smith relayed to the security office within the DOD that he felt that Mr. Clark was improper, belligerent and the like. That event was two weeks, that event was relayed to the security office. Two weeks later was when Mr. Clark received a notice, a statement of reasons that his clearance would be on interim basis, tentatively. So your view is that event was a personnel action? Correct. An adverse personnel action? Correct. Which exactly, which section of 2302 do you find that event fits as an adverse personnel action? Which one are you referring to? Second change in duties, responsibilities or working conditions. That that reliance impacted Mr. Clark's working conditions because of the events it triggered. So it was the precursor event that triggered the damage, which was the interim removal of Mr. Clark's clearance, or at least the tentative decision to suspend his clearance. So it is the, I hate to use the term, the catch all that is at the end of the list, which is the significant change in duties, responsibilities and working conditions. And I believe it's room number 11 if I have it correctly. And how do you think that that fits in that language? Because the tentative removal or suspension of a clearance did impact both his working conditions for what he was going to do in his new position, because it could not apply for a higher level clearance that was required, as well as the emotional impact. Under the whistleblower protection enhancements act in 2012, Congress did confirm that compensatory damages are permissible now under the whistleblower protection act. And the act, the betrayal, if I may, of the reliance of this information of an employee who has a security clearance has an impact on their stability, their ability to feel safe in their workplace, because knowing if they have a disagreement with someone, they can refer them to security office, and who knows what will happen thereafter. So it is that cloud, if you will, over the employee's head that has its own impact on the working conditions, that Mr. Clark was wondering what will happen because of this information that led to security office. So I will note in the administrative judge's decision, she found or she focused on the fact that a security clearance decision was made or not made, therefore Egan, therefore no jurisdiction. So the judge did not actually properly frame the claim that Mr. Clark was bringing. So the appellant does proffer that the decision does not match the actual claims being brought. In citing Egan, what the judge also did not apply that I am asking the federal circuit to apply is the D.C. Circuit Court of Appeals decision in Rattigan. Rattigan does stand for the fact that decisions that are outside the security office, outside DODCAF, or in this case, you know, I thought Rattigan was limited to knowingly false cases. Am I mistaken? Did I misread that? That's correct. I will say, if I may, the knowingly false reason for the statement would be a factual contention between the parties. Mr. Clark does assert that the information Jason Smith relayed was patently false and knowingly false. The parties, I believe, could agree that we dispute that fact, and so that would be something warranting for discovery. I see. You're alleging that as a fact. Correct. Which you think the A.J. has to accept. At least for discovery purposes, for jurisdiction. For jurisdiction. Correct. And Rattigan was a Title VII case. Correct. So it didn't involve the question of whether this, what you call the reliance of information, is a personnel action under Title V 2302A. That is correct. And there's a broader, I don't know, let's call it jurisdictional standard for Title VII. I would actually disagree. I believe the jurisdictional standard for the Whistleblower Protection Act is broader than Title VII. Title VII relates to materially adverse actions, and it is narrowly tailored to material actions. The Federal Circuit and the MSPB have consistently interpreted the Whistleblower Protection Act to be broadly interpreted. At its foundation, policy-wise, the WPA is not quite an employment statute. It is an encouragement for whistleblowers to come forward. It is an anti-fraud statute. Is there anything in, there's a discussion in Hess about the, what it calls the catch-all provision, and whether what was at issue there fell within the language, I think at the time, duties and responsibilities. The working conditions got added. They're also discussed in Hess as an amendment. But is there anything there that helps us decide one way or the other whether the transmission of information for purposes of a security review is a significant change in duties, responsibilities, or working conditions? I would say the precise facts in Mr. Clark's case is relatively unique, and I would proffer for first instance for the circuit. The comparison I have for Hess for this case is that the Hess case did focus on decisions of security office personnel. It focused on decisions of personnel within the security office of the agency. So it is somewhat removed from the current case here, which is, if I may, before that iron gate of national security. But why would that affect the interpretation of the catch-all, which doesn't say anything particularly about who's making a decision with regard to security or not? I thought Hess said something to the effect that kind of a qualification for the job is not a duty or responsibility of the job, which would then maybe leave you with your argument about working conditions and the emotional, I don't mean to be dismissive of it, but the emotional effect of having a potential clearance removal hanging over one's head. What I would say, my response to that would be Hess is prior to the Whistleblower Protection Enhancements Act. Hess was 12 years before the WPEA. So insofar as Congress expanded the damages permitted under the WPA, then the definition of personnel action would... But that didn't change this catch-all provision, right? So the fact that you can get damages if one of these things occurs and the damages might be for emotional consequences doesn't necessarily make the emotional consequences a freestanding qualifier. That is correct, but I believe that issue has not been, I guess, addressed. It is what Mr. Clark's asking for the panel to do, is that by opening for damages, for considerate damages, it does add to the personnel action definition what can be a personnel action. If it has to be something so finite, such as a... or doesn't qualify for qualifications or duties, those all have material economic-type impacts that would fall under the previous iteration of the WPA. So I don't believe the definition of personnel action has caught up to what the WPA has expanded to reaffirm the broad scope of the Whistleblower Protection Act, both for protected conduct, personnel actions, and damages. Radigan is not part of this Court's law at the present time, is that right? That is correct. So to get where you want to go, we would have to affirmatively approve of the Radigan concept. That is my request, yes. Pardon? That is my request, yes. Yes, okay. And I do note that I am in my rebuttal time, so I have no problem answering any other questions you have. You haven't talked about what I think is the second and secondary complaint that you have made to the effect that the job requirements, the required security clearance was changed for the Project Management Review position. Yes. And I guess I thought I remembered that at the end of the day, there simply was no evidence that there was a change. I will respond to that. And not even kind of threshold jurisdictional level of evidence. Sure, I do have a response. I would just want to maintain some rebuttal time left. I know my yellow light has gone on. So to answer your question on that issue, yes, it is less that the position description changed. It was that the requirements of the position were different than when Mr. Klar received it. That as advertised to Mr. Klar before accepting the position, there was no mentioning of having a TSCI or Top Secret Secure Classified Information access for that position. It wasn't until he got into the position that it was disclosed to him that his job duties would require 50% of the meetings he would have to go to would require a top secret clearance that he didn't have. And so it was both a combination of the change in expectations as far as Mr. Klar understood them. Or a failure to disclose those conditions if they were already known by the agency but not to Mr. Klar. That is a factual question. That it was my intent, full disclosure, to explore in discovery should the judge have found jurisdiction. Counsel will say the rebuttal, your rebuttal time is tomorrow. Thank you, Your Honors. Morning, Ma'am. Please record. You're going to take 10 minutes? Yes, 10 minutes. Please set it for 10 minutes. Mr. Morrow, what's wrong with the notion that in terms of stating a cause of action, he seems to have one, doesn't he? Our view is that he has not identified a personnel action within the board's jurisdiction. He just gave us a grounds for that. You don't think that works? It has to do with the relationship with the security clearance carve out from our jurisdiction. He, the personnel action, the reports, the allegedly false reports from the supervisors, really only would have affected him if it led to a adverse decision, an adverse security clearance decision. It did not. At the end of the day, he was, his security clearance was upheld. Similarly, during, I mean, relatedly during the time that the invest— He's not quarreling with the security clearance process or even with the security clearances itself. He's simply saying, this could have an effect. But the only effect it could have would be, it was reported to the security office. The security office evaluated him and determined that there's no problem. What other effect could it have? That's my point. What he described was, you know, for slightly over a year, from June of one year to August of the next, he was coming to work uncertain if his clearance was going to be withdrawn. Oh, that's true. And he also claims that there was a delay in his ability to attain the top secret clearance, which he needed for the new job because of this as well. But both those things are the result of a security clearance determination, the determination to investigate the information that was received from the supervisors. So it all ties back to the security clearance aspect of this, I would submit. You think Egan extends that broadly, is that what you're saying? Yes. And here is the other, for example— How about if it doesn't extend quite that broadly, then what? Well, let's look at the Wilson case, which is your case that's most apposite to this. Wilson involved a claim relating to the initiation of a security clearance process like his, alleged false accusations. There was an investigation, and there was a decision against him. And there was an attempt to bring an appeal just on the transmission of the information. And the court said, no, we look at this as a unity. We can't have a separate claim based simply on the false information. Here, we have to go with the final decision, which in that case was a revocation of a security clearance, because they found the information trustworthy. Are we free to follow Rattigan, or would we have to go in bank because of Wilson? I think Rattigan is inconsistent with Wilson because it brings up the— because basically they've said this is a unity, and you can't have this separate thing appeal. And then at the end, they did say, and by the way, if we were accepting it, which we're not, and they've already said they weren't going to, we don't think you have a— you don't meet the requirement of that case, which is knowing falsehood. So you're saying that, number one, there's no personnel action. Right. And number two, even if there were, we would be bound by Wilson. Right. In other words, there's no personnel action until you get into the area of its effects with respect to security clearance matters. And independently of our statute, under EGAN, we can't review those things. How could we review— what would we do if we reviewed the falsity of— the— that he's claiming that pertain to the report? We would have to reach a position that's opposite to what the clearance decision was, which was, you're okay to Mr. Carr. So that would be as inconsistent as the inconsistency rejected in Wilson. I think to follow Wilson, you could not add in the narrow exception that is provided in the Ratigan decision. I was going to say, hypothetically, let's assume we distinguish Wilson away, which sometimes happens in courts. What is your view of Ratigan as a matter of basic legal approach to these issues? Do you have any problem with it? Well, the basic problem with it probably is that the whole security system is partly based on a requirement that who have access to it or have security clearances are encouraged and really required to report instances that they see of someone who perhaps shouldn't have a security clearance. And it would have a chilling effect on them if they knew, among these employees, that they knew, well, we may be in court being— with someone quibbling over whether what we said was false and unknowingly false. So that's one reason for not going down that line, which is discussed in the dissent in Ratigan. Can I ask you a question? Take this outside the security context. Is there case law, either from this court or the board, on whether a proposed removal by itself can be challenged through an individual right of action? Which is to say, is a proposed removal— In the civil service system, not in the security clearance area. That's right, yeah. Put it completely to one side. Anything about security. Can somebody say the proposed removal is a personnel action under, say, the catch-all? Or— Yeah. And it's having the chilling effect on me that while this is going on, I can't really apply for a better job. And, you know, I'm— Well, you'd be claiming it was a form of retaliation if it were a whistleblower case. Well, there are a variety of wrongs that are covered by 2302. I'm not familiar with that as a personnel action under 2302A-2. I don't believe it's a listing there as a proposed action. And you're not aware of case law, either board law or our law, that addresses that one way or the other? No, I'm not aware of that. The other point I wanted to make, with respect to the position as a procurement specialist, an analyst, and his complaint that the higher security clearance was required. It wasn't amended to his system, his position description, but with the other agencies that they look at and review, some of them have this higher clearance. So we certainly can't review that, whether they should have that higher clearance. And it probably— He alleges, I take it, that the people who worked these same supervisors conspired with these other agencies to have this higher clearance. I doubt that's true, but we're not in a factual area here, of course. But with respect to that, there's just no basis for finding that that is not a security clearance matter that we can't review. The AJ opined that Clark could bring an action for enforcement. Yes, that's another— He says he's not bringing that in this case, but to correct the matter of his being led— Is that correct? Yes, he could bring a petition for enforcement based on, say, there was misrepresentation.  So he would have to claim that, well, they misled me because they didn't tell me I would need for some of the work a higher clearance. He could— What he would have to do is file a petition for enforcement and ask to have the— attack the validity of the agreement because he wasn't told of the material matter. But that would be a separate action and would not be within the jurisdiction of this case. What other remedies does someone in Mr. Clark's position have? Can you think of any other way he could get a remedy? That's the only one I can think of with respect to that, yeah. Thank you, Mr. Morrow. Thank you. We'll hear from the Justice Department. Is it Ms. Koenig or Koenig? It's actually Koenig, Your Honor. Koenig. Good morning, Your Honors, and may it please the Court. We agree with the arguments made by the respondent, MSPB, and we would just like to emphasize a few points or answer any questions that Your Honors may have. Just to follow up quickly on what Mr. Morrow was just saying, I believe if Mr. Clark files a petition for enforcement of the settlement agreement, that the validity of the settlement agreement would no longer be at issue. He could only petition to enforce the settlement agreement. But if he didn't file a petition for review of the MSPB case dismissing the appeal because of the settlement agreement, he can no longer challenge the validity of the agreement itself. Do you have an answer to the question I asked about putting security aside is a proposed adverse action, like a removal or suspension or any number of denial of promotion or something like that, a personnel action under 2302A? Your Honor, I believe Mr. Morrow has probably seen many more personnel cases than I have, and I'm not aware of whether a proposed removal would be considered a personnel action. But here, again, Mr. Clark challenges the actual report of the information to the security office, and I think it's clear that there is no significant change in working conditions without the resulting security clearance determination. Whether it's proposed or actual, it is that security clearance determination that would constitute the alleged personnel action. Without it, all you have is a report of information that may or may not be accurate, and that simply just isn't a change in working conditions under 2302A2A. And to address Mr. Clark's argument that there would be sort of a cloud hanging over him due to this alleged security clearance, I think the idea that the court could review the security clearance determination because of the cloud is inconsistent even with the D.C. Circuit's opinion in Rattigan, which discusses Executive Order 12- When it's inconsistent with what? Could you speak just a little more slowly? Sorry, Your Honor. I believe it's inconsistent with Rattigan's discussion of the Executive Order 12-968, which the court's opinion went into great detail to discuss the Executive Order and how it was required and expected that if employees have any information relating to a potential security clearance issue with another employee, that they are expected to report it and that you could, in fact, have a chilling effect if those decisions were to be able to be reviewed later. Following the Supreme Court's decision in Egan, this court, the Federal Circuit, has addressed Egan in several following cases. And in each case, this court expanded the application of Egan. In Hess v. Department of State, the Federal Circuit applied Egan to whistleblower protection cases, and in Kaplan v. Conyers, which was an en banc decision, again expanded Egan to apply to not just clearance determinations, but to any position that was sensitive. And then, again, most recently in Wilson, the Federal Circuit stated that even when a petitioner is challenging the initiation of the security clearance determination, that still fall under Egan's application. And I think that here, Mr. Clark's allegations go directly to Wilson v. Department of Navy, the 2016 decision. Although he claims to be challenging solely the report of the information, again, it's only once that information leads to the initiation of an investigation that you have any criminal action. Let me just see if I understand. He challenges only the report. He doesn't challenge the proposed clearance denial. The proposed clearance denial is an essential step in the kind of emotional and other adverse effect that he claims. And so he doesn't actually challenge that, and under Wilson, he couldn't. Is that? That's, yeah, my understanding, Your Honor, is he— You're looking like I've overstated some things. Tell me where. No, no. Just to clarify, I think that he's attempting to challenge only the report, but without the leading initiation, you don't have any personnel action. And when you start talking about the initiation of the investigation, you're squarely within this Court's decision in Wilson, which declined to adopt the Radigan. Can I ask you one record question about the second piece, about which we've not discussed much, about the classification change or not? Is there an allegation or evidence here that during his year or so in the job that he was idle for significant portions of the work time? No, Your Honor, I don't believe— There were some projects he couldn't work on because he didn't have the requisite clearance. Did that mean that he was, you know, two days a week or something, he was sitting around doing nothing, or was he otherwise fully engaged on other projects? Your Honor, there's no— We may not know. There's no allegation in the record that I'm aware of that he has claimed that he was idle for periods of time. He does make an allegation that he might have received an outstanding versus fully successful in his performance rating. But the performance rating is in the record at Appendix Pages 381 and 382, and you can see from the performance rating explanation that it does not mention the security clearance, nor does it mention the number of projects that Mr. Clark worked on as being a negative, having a negative effect on his performance rating. Thank you, counsel. Thank you, Your Honor. Mr. Vogelsang has a little rebuttal time left. I am certain you have more questions, but if I may address a few points that were raised by both agencies. First, I wanted to address what I see as a cyclical argument about the personnel action that the agencies seem to simultaneously state there is no personnel action outside the security clearance determination, but to get to the security clearance determination, you have to apply EGIN. So there is a cyclical argument, or chicken and the egg, that does leave Mr. Clark without a remedy, and that is why Mr. Clark asked for the application of Rattigan. This goes to security clearance personnel, excuse me, personnel with security clearances. They are the employees of the federal government who have the most access to information to the blow of the whistle on. They are also the employees with the least amount of rights. Applying EGIN and applying down the path that agencies would argue, a supervisor could not like the color of your tie, refer you to the security office, and there is nothing you can do about it. So there has to be some determination as to, before you get into that iron gate of national security, that the employee has a remedy, as their remedy lists, which is what Rattigan attempts to correct in the Title VII realm. What do you think of the enforcement of the agreement remedy? And why don't you go that way? For the enforcement of the agreement, I have two responses. One, I am not aware of any case law that one, an employee must make a binary choice, or preclusionary choice, between a breach of contract enforcement versus an IRA appeal and whistle blowing. To do that would be contractually waiving your statutory rights, which most of us would know you can't do. A lawyer has to make a choice unless he wants to pick a remedy that works. Correct. But I mean, there is nothing in the agreement that says he is waiving any future claims. If anything, Mr. Clark chose a more stringent route, which is I have to prove an IRA whistle blowing appeal, which I have the burden of proof on, rather than an enforcement agreement, which the agency has the burden. I am not aware of any statute or rule that requires an employee to pick one avenue versus the other, such as any kind of waiver. What would be the available remedies in an enforcement action? Retrospective monetary relief? Yes or no? Remedies generally in the MSPB, to my understanding, is there would be equitable. So, for example, if the agency were to breach the agreement, then it could be able, the possibility would be the judge would have to go back to make a decision on the merits because the case would be reactivated. If there were damages associated with the breach, I do believe monetary damages are available. But my understanding and my practice with most administrative forms, most relief is reinitiation of the litigation and sort of making the agreement go away. I do have a couple more points. I am a minute over, so if I can try to... Make one more brief point. Sure. Pick one. I will pick one. Pick one that works. Sure. I will state that the Wilson case seems to be the permanent case that both agencies rely upon. And Wilson is not applicable to this particular case. Wilson focuses on an action initiated by individuals within the security office. The intervener, DOJ, actually admits that Klar's case is, and I quote, one more step removed, unquote, from what is in Wilson. I have proffered that one step outside the iron gate of national security is an important step. And that's the step that Rattigan asked us to take forward to provide a remedy. So you don't think Wilson is inconsistent with Rattigan? Correct. I believe Wilson would be consistent with Rattigan insofar as the timeline, if you will, for Wilson starts inside national security within the security office. Klar's removal provides the application of Rattigan without contradicting Wilson. And I'll finish on that point unless there are any other questions from the bench. Thank you, counsel. The case is submitted. Thank you for your time and the extra minute time. Thank you.